UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVEN PATEL,

    Plaintiff,

v.

CITIBANK CORP.,

    Defendant.
_____/

Civil Case No. 18-13996
Honorable Linda V. Parker

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (ECF NO. 4)

This lawsuit arises from Defendant Citibank's ("Defendant") actions to recover a debt from Plaintiff Deven Patel ("Plaintiff"), which has allegedly caused a reduction of Plaintiff's credit score and credit limits and has impaired his ability to conduct business. (ECF No. 4 at PgID 33.) Plaintiff alleges that Defendant's actions have violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and the Michigan Consumer Collection Practices Act, Mich. Comp. Laws § 445.251 *et seq.* (ECF No. 1-1.) Additionally, Plaintiff alleges against Defendant a claim of intentional infliction of emotional distress. (*Id.*) Presently before the Court is Plaintiff's Motion for Temporary Restraining Order ("TRO"). (ECF No. 4.) On February 1,

1

2019, this Court held a hearing on the motion for TRO. For the reasons that follow, the Court denies Plaintiff's motion.

Plaintiff held a credit card with Defendant Citibank and claims to have made timely payments toward the card for the full amount due. (ECF No. 4-2.) Following the filing of Chapter 11 Bankruptcy by VPH Pharmacy, Inc. ("Debtor"), of which Plaintiff is the principal, Defendant settled with a bankruptcy trustee whereby the trustee had Defendant reimburse the Debtor for items and services purchased using Plaintiff's credit card. (ECF No. 1-1 at PgID 10; ECF No. 7 at PgID 55.) Defendant settled with the trustee to reimburse the Debtor for $90,000. (ECF No. 1-1 at PgID 10.) In seeking recoupment, Defendant placed the $90,000 amount on Plaintiff's credit card bill. (*Id.*) Although Plaintiff has made attempts to dispute this, Defendant has continued to seek recoupment of the debt and continued reporting the debt to the three major credit agencies resulting in a reduction in Plaintiff's credit score, credit limits, and ability to conduct business. (*Id.* at PgID 12.) Plaintiff requests that this Court issue a TRO to enjoin Defendant from further debt collection activities. (*Id.* at PgID 16-17.)

"Temporary restraining orders and preliminary injunctions are extraordinary remedies designed to protect the status quo pending final resolution of a lawsuit." *Richardson v. Wells Fargo Bank, NA*, No. 13–cv–10234, 2013 WL 3367434, at *2 (E.D. Mich. July 5, 2013). The court must consider the following factors when

2

considering whether to issue a TRO or preliminary injunction: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent an injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) whether the public interest is served by issuance of the injunction. *Northeast Ohio Coalition for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir.2008); *see also In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985). "[T]hese factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 859 (6th Cir. 1992).

The Court finds the second factor—whether the movant would suffer irreparable injury absent an injunction—dispositive. Plaintiff contends that injunctive relief is necessary to prevent further and continual harm to his credit score, credit limits, and ability to conduct business caused by Defendant's debt collection and debt reporting efforts. The Sixth Circuit has held that, in evaluating the substantiality of the injury alleged, "[t]he key word in the consideration is *irreparable*." *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991) (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (citation omitted)). The allegation of "mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." *Id.* Moreover, the "possibility that adequate compensatory or

3

other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm." *Id.*; *see also Meyer Jewelry Co. v. Meyer Holdings, Inc.*, 906 F.Supp. 428, 433 (E.D. Mich. Nov. 20, 1995) (citing *EBSCO Indus., Inc. v. Lilly*, 840 F.2d 333, 335 (6th Cir. 1998)).

The Court finds that, under the circumstances, corrective relief and monetary damages are the most likely remedy if Plaintiff succeeds in this litigation. If Plaintiff's claims are found meritorious, Defendant may be directed to cancel the debt and no longer pursue any debt collection activities. In turn, this would alleviate the harm to Plaintiff's credit score and credit card limits. Any further harm to Plaintiff—*e.g.,* the harm to his ability to conduct business or the loss of business and/or financial opportunities—can be quantified and awarded in monetary damages. Thus, this factor weighs heavily against any grant of injunctive relief.

Furthermore, "the Sixth Circuit has held that . . . injury to credit ratings did not constitute irreparable harm." *Am. Postal Workers Union v. U.S. Postal Serv.*, No. 09-10856, 2009 WL 2410573, at *9 (E.D. Mich. Aug. 4, 2009) (citing *Aluminum Workers Int'l Union, AFL-CIO, Local Union No. 215 v. Consol. Aluminum Corp.*, 696 F.2d 437, 443-44 (6th Cir. 1982) (holding that backpay could, and realistically would, be used to repair any damage to credit stature)). As such, the very harm that Plaintiff seeks to correct and/or prevent is one not

4

recognized by this Court as irreparable.  Consequently, Plaintiff has failed to establish a factor necessary for this Court's grant of a TRO.  Therefore, the Court denies Plaintiff's motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Temporary Restraining Order (ECF No. 4) is **DENIED**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 1, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 1, 2019, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager