UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVEN PATEL,

    Plaintiff,

v.                                             Civil Case No. 18-13996
                                               Honorable Linda V. Parker
                                               Mag. Judge Elizabeth A. Stafford

CITIBANK CORP.,

    Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION (ECF NO. 9)

Plaintiff Deven Patel ("Plaintiff") filed this lawsuit against Defendant CITIBANK N.A.[1] ("Defendant") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.*, the Michigan Consumer Collection Practices Act, Mich. Comp. Laws § 445.251 *et seq.*, and for intentional infliction of emotional distress. (ECF No. 1-1 at PageID 7.) Pursuant to 28 U.S.C. §§ 1441(a), 1446(b), and 1331, Defendant removed this action from the Wayne County Circuit Court for the State of Michigan

---

[1] Defendant's proper name is Citibank, N.A. and not Citibank Crop. (ECF No. 1 at PageID 1.)

to the United States District Court for the Eastern District of Michigan. (ECF No. 1.)

Presently before the Court is Defendant's Motion to Dismiss and to Compel Arbitration, filed on January 22, 2019 (the "Motion"). (ECF No. 9.) The Motion has been fully briefed[2], including a supplement to the Motion filed by Defendant. (ECF Nos. 9, 13, 14, & 15.) Finding the facts and legal arguments sufficiently presented in the parties' briefs, the Court is dispensing with oral argument pursuant to Local Rule 7.1(f)(2). For the reasons stated below, the Court grants Defendant's motion and compels arbitration.

I.    **Factual and Procedural History**

Plaintiff Patel opened a personal credit card account with Defendant Citibank on or about October 1, 2014. (ECF. No. 9 at PageID 195.) Plaintiff's updated Card Agreement (the "Agreement") contained an arbitration clause (the "Clause"). (ECF No. 9 at PageID 207.) On November 2, 2016, Plaintiff was given the opportunity to reject the arbitration clause and he did not. (ECF No. 9-1 at PageID 208-09.) The Clause stated in relevant part:

> *You or we may arbitrate* any claim, dispute or controversy between you and us arising out of or related to your Account, a previous related account or our relationship (called "Claims"). If arbitration is chosen by any party, neither you nor we will have the right to litigate that Claim in court or have a jury trial on that Claim. . . . [A]ll Claims are subject

---

[2] The court recognizes that Plaintiff's response was filed late, without seeking leave from the Court. Nevertheless, the Court will consider Plaintiff's response.

> to arbitration, no matter what legal theory they are based on or what remedy (damages, or injunctive or declaratory relief) they seek, including Claims based on contract, tort (including intentional tort), fraud, agency, your or our negligence, statutory or regulatory provisions, or any other sources of law . . . .

(ECF No. 9-1 at PageID 209.)

Following the filing of Chapter 11 Bankruptcy by VPH Pharmacy, Inc. ("Debtor"), of which Plaintiff is the principal, Defendant settled with a bankruptcy trustee whereby the trustee had Defendant reimburse items and services purchased using Plaintiff's credit card. (ECF No. 1-1 at PageID 10; ECF No. 7 at PageID 55.) Defendant settled with the trustee for $90,000. (ECF No. 1-1 at PageID 10.) In seeking recoupment, Defendant placed the $90,000 amount on Plaintiff's credit card bill. (*Id.*) Although Plaintiff has made attempts to dispute this, Defendant has continued to seek recoupment of the debt and continued reporting the debt to the three major credit agencies. (*Id.* at PageID 12.)

In accordance with the Clause, Defendant seeks the Court to compel arbitration. Plaintiff argues, however, that Defendant's conduct falls outside the scope of the Clause. (ECF No. 14 at PageID 291.)

## II. Standard of Review

The Federal Arbitration Act ("FAA"), 9 U.S.C § 2, provides that:

> [a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform

> the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable.

When considering a motion to compel arbitration, the court must consider whether: (1) a valid arbitration agreement exists between the parties; (2) the disputes fall within the scope of the agreement; (3) Congress intended for certain federal statutory claims to be nonarbitrable; and (4) if some of the claims fall outside the scope of the arbitration agreement, if those claims will be stayed pending arbitration. *Orcutt v. Kettering Radiologists, Inc.*, 199 F. Supp. 2d 746, 750 (S.D. Ohio 2002) (citing *Compuserve, Inc. v. Vigny Int'l Finance, Ltd.*, 760 F. Supp. 1273, 1278 (S.D. Ohio 1990)); *see also Stevens-Bratton v. Trugreen, Inc.*, 675 F. App'x 563, 566-67 (6th Cir. 2017) (unpublished) (quoting *Rowan v. Brookdale Senior Living Cmtys., Inc.*, 647 F. App'x 607, 609 (6th Cir. 2016)).

Additionally, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Orcutt*, 199 F. Supp. 2d at 749-50. Finally, the opposing party may challenge the validity of the arbitration agreement "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

### III. Applicable Law & Analysis

First, a valid arbitration agreement exists between the parties. Plaintiff does not dispute the enforceability of the Agreement, challenge the language in the Agreement, nor claim a breach of contract. (ECF No.14 at PageID 289.) In accordance with the Agreement, the Clause took effect once Plaintiff continued to use his credit card. (ECF No. 9 at PageID 194.) Plaintiff continued to use the credit card for personal and allegedly business purchases past the Clause's objection date. (ECF No. 13-1 at PageID 281.) Therefore, a valid arbitration agreement exists.

Next, the dispute falls within the scope of the agreement. Plaintiff claims that the "decision between Defendant and the Bankruptcy Trustee falls outside of the scope of the credit card agreement [and] does not allow for arbitration under the same cardholder agreement." (ECF No. 14 at PageID 289.) However, the Agreement states differently. It states that:

> [A]ll Claims are subject to arbitration, no matter what legal theory they're based on or what remedy . . . [including] Claims made independently with other claims. This also includes Claims made by or against anyone connected with us or you or claiming through us or you, or by someone making a claim through us or you, such as a co-applicant, Authorized User, employee, agent, representative or an affiliated/parent/subsidiary company.

(ECF No. 9-1 at PageID 209.)

Also, Plaintiff argues that Defendant was not permitted to transfer its settlement amount to Plaintiff via charges on his account. (ECF No.1-1 at PageID

11.) The Agreement, however, authorizes Defendant to place charges on the account that exceed the limit and to charge Plaintiff for damages and/or expenses resulting from the improper use of the credit card. (ECF No. 9-1 at PageID 215.)

Further, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 25 (1983). Therefore, the Court concludes that the parties' dispute falls within the scope of the Agreement.

Third, the Court concludes that none of Plaintiff's claims were intended to be nonarbitrable. "Congress did not intend FDCPA claims to be non-arbitrable [and] courts routinely permit arbitration of such claims." *Mounts v. Midland Funding LLC,* 257 F. Supp. 3d 930, 945 (E.D. Tenn. 2017). And Plaintiff has not demonstrated that any of its other claims were nonarbitrable.

Finally, the Federal Arbitration Act (FAA) provides that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C.A. § 3 (West)

Because the Court concludes that the arbitration agreement is valid and enforceable, the Court is staying the case pending the resolution of arbitration.

Accordingly, the Court grants Defendant's motion to compel arbitration, compels the parties to arbitrate all of their claims, and stays further proceedings until the resolution of such.

### IV. Conclusion

Accordingly,

**IT IS ORDERED**, that Defendant's Motion to Compel Arbitration (ECF No. 9) is **GRANTED**; and

**IT IS FURTHER ORDERED** that this case is **STAYED**, and the parties shall submit all of their claims to arbitration.

**IT IS SO ORDERED.**

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: August 20, 2019